# STATE OF NORTH CAROLINA

RECEIVED

APR 11 2013

City Manager's Office

WAKE County

File No., `3497`

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>THERRON J. PHIPPS<br>*Address*<br>230 FAYETTEVILLE STREET, 3RD FLOOR<br>*City, State, Zip*<br>RALEIGH    NC   27601 | **CIVIL SUMMONS**<br>☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)<br><br>G.S. 1A-1, Rules 3, 4 |

**VERSUS**

| | |
|---|---|
| *Name Of Defendant(s)*<br>CITY OF GREENSBORO, CITY OF GREENSBORO POLICE<br>DEPARTMENT, and KENNETH MILLER, in his official capacity<br>as Chief of Police of City of Greensboro Police Department | *Date Original Summons Issued*<br><br>*Date(s) Subsequent Summons(es) Issued* |

### To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| CITY OF GREENSBORO<br>ATTN: DENISE ROTH - CITY MANAGER<br>PO BOX 3136<br>GREENSBORO    NC  27402 | |

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)*<br>HAIRSTON LANE BRANNON, PA<br>JAMES E. HAIRSTON, JR.<br>230 FAYETTEVILLE STREET, 3RD FLOOR<br>RALEIGH    NC  27601 | *Date Issued*<br>3/11/13 | *Time*<br>4 | ☐ AM<br>☒ PM |
|---|---|---|---|
| | *Signature*<br>☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |

| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement*<br><br>*Signature*<br>☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | *Time* | ☐ AM<br>☐ PM |
|---|---|---|---|

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 6/11
© 2011 Administrative Office of the Courts

STATE OF NORTH CAROLINA

WAKE COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.

THERRON J. PHIPPS,
           Plaintiff,

     v.

CITY OF GREENSBORO, CITY OF
GREENSBORO POLICE DEPARTMENT,
and KENNETH MILLER, in his official capacity
as Chief of Police of the City of Greensboro
Police Department,
           Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**COMPLAINT**

RECEIVED

APR 1 1 2013

City Manager's Office

NOW COMES the Plaintiff, complaining of the Defendants, and alleges and says:

## NATURE OF THE CASE

     This action is brought pursuant to the Constitution of North Carolina and the United States, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.,* and the common law of the State of North Carolina. The jurisdiction of this Court is invoked to redress the deprivation of rights guaranteed by federal and state law. These rights provide for damages for illegal retaliation and race discrimination in promotion in employment. Plaintiff Phipps seeks damages, including, but not limited to, lost pay, loss of past, present, and future benefits, compensatory damages and pain and suffering as a result of the intentional and unlawful discrimination by Defendants as more fully described below. Plaintiff Phipps also seeks damages under North Carolina State law against Defendants for negligent infliction of emotional distress.

## PARTIES AND JURISDICTION

1. Plaintiff Therron J. Phipps ("Plaintiff Phipps") is an African-American citizen and resident of Guilford County, North Carolina.

2. Upon information and belief, the City of Greensboro is a body politic and corporate as defined by N.C.G.S. § 153A *et seq.*, and capable of suing and being sued.

3. Upon information and belief, the City of Greensboro Police Department is a body politic and corporate as defined by N.C.G.S. § 153A *et seq.*, and capable of suing and being sued.

4. Upon information and belief the City of Greensboro has consented to being sued in this action by either purchasing liability insurance and/or participating in a risk pool in a sufficient amount to effectuate a waiver of its governmental immunity.

5. Upon information and belief the City of Greensboro Police Department has consented to being sued in this action by either purchasing liability insurance and/or participating in a risk pool in a sufficient amount to effectuate a waiver of its governmental immunity.

6. Upon information and belief, Kenneth Miller is and was at all times relevant to this Complaint the Chief of Police of the City of Greensboro Police Department.

7. This court has jurisdiction over the subject matter of this action under the common law of North Carolina and pursuant to the judicial power vested in the General Court of Justice by N.C. Gen. Stat. §§ 7A-3, 7A-240, and 7A-243.

8. The jurisdiction of this Court is invoked to redress the deprivation of rights guaranteed by North Carolina state law and the North Carolina constitution. The Plaintiff seeks damages including but not limited to: compensatory damages; damages for the loss of past, present and future benefits; and, all incidental and consequential damages.

2

## FACTUAL ALLEGATIONS

9. On or about July 1, 1986, Plaintiff Phipps began working at the City of Greensboro Police Department (the "Department").

10. Plaintiff Phipps has remained employed by the Department since that time, eventually obtaining his current rank of Captain on or about 2007.

11. Kenneth Miller ("Chief Miller") currently serves as the Chief of Police for the Department. He was hired for this position from the Charlotte-Mecklenburg Police Department on or about September 1, 2010.

12. On or about February 11, 2011, Chief Miller elected to promote a white male, Captain Chris Walker, to the rank of Assistant Chief after the 2011 Assistant Chief Promotional Process. Plaintiff Phipps participated in the process but was not promoted.

13. Then, in March of 2012, Chief Miller announced that he would be promoting a second individual to the rank of Assistant Chief based on the results of the 2011 Assistant Chief Promotional Process and individual interviews to be conducted at that time.

14. Plaintiff Phipps interviewed with Chief Miller for the second promotion on or about March 27, 2012.

15. On or about April 9, 2012, Chief Miller announced the promotion of another white male, Captain D. Wayne Scott to Assistant Chief ("Deputy Chief Scott").

16. Upon information and belief, the title of Assistant Chief was changed to Deputy Chief on or about the Spring of 2012.

17. On or about May 3, 2012, Plaintiff Phipps filed an EEOC charge of discrimination alleging that Chief Miller discriminated against him and other similarly situated African-Americans in promoting individuals to the rank of Assistant Chief.

3

18. On or about May 7, 2012, Assistant Chief Crotts served Plaintiff Phipps with his 2012 First Quarter Review Transfer Evaluation ("First Quarter Evaluation"). Pursuant to the evaluation, Phipps' performance was assessed at a rating of Level III (Satisfactory).

19. Prior to this evaluation, Plaintiff Phipps had consistently achieved ratings of Level IV (Exceed Expectations) over the previous five (5) years.

20. On or about May 9, 2012, Plaintiff Phipps filed an appeal of the rating given on his First Quarter Evaluation to Chief Miller. Plaintiff Phipps appeal addressed both the contents of the evaluation and the timing as it related to the EEOC charge he filed on...

21. On or about June 3, 2012, Chief Miller responded to Plaintiff's Phipps appeal of his First Quarter Evaluation, upholding the evaluation on the basis that Phipps had presented no evidence to suggest the evaluation was improper.

22. On or about June 5, 2012, Plaintiff Phipps filed a formal complaint to Interim City Manager Denise Roth alleging Chief Miller retaliated against him in reviewing his appeal of his First Quarter Evaluation.

23. On or about June 12, 2012, Plaintiff Phipps filed an EEOC charge alleging that Deputy Chief Crott's sub-standard First Quarter Evaluation of Phipps and Chief Miller's subsequent upholding of the evaluation were retaliatory for Phipps' previous filing of an EEOC charge of discrimination.

24. On or about July 19, 2012, Plaintiff Phipps received his annual performance evaluation from Deputy Chief Scott. This evaluation rated Plaintiff Phipps a Level IV and stated numerous inaccuracies with respect to Plaintiff Phipps' performance while ignoring or minimizing several examples of performance at the highest level.

4

25. On or about July 20, 2012, Plaintiff Phipps filed an appeal of his annual performance evaluation with Chief Miller, citing the inaccuracies contained in Deputy Chief Scott's evaluation as well as discussing the numerous examples of excellent performance that were disregarded or minimized.

26. On or about July 31, 2012, Plaintiff Phipps was approved to participate with the Assessment Center Process for the Memphis Police Department during the week of August 27, 2012. By participating, Plaintiff Phipps would have been required to be out-of-town the entire week.

27. On or about August 9, 2012, Plaintiff Phipps met with Deputy Chief Scott regarding the opportunity to attend the Police Research Forum's Senior Management Institute for Police ("SMIP").

28. At this meeting, Deputy Chief Scott informed Plaintiff Phipps that Phipps would need to submit a letter of interest to Scott in order to be considered for the opportunity to attend the SMIP.

29. Plaintiff Phipps, being unaware that a letter of interest was necessary, asked Deputy Chief Scott if he had been required to submit a letter of interest when he attended previously. Deputy Chief Scott replied that he had not but that he was instituting a new policy requiring a letter of interest.

30. As required, Plaintiff Phipps submitted a letter of interest regarding the SMIP to Deputy Chief Scott immediately after their meeting. Included with the letter of interest were several questions to Deputy Chief Scott.

31. Deputy Chief Scott acknowledged receipt of the letter of interest and responded to the questions by e-mail. As part of these responses, Deputy Chief Scott confirmed that Chief Miller was the person responsible for determining who would attend the SMIP.

5

32. Despite submitting a letter of interest and despite having greater tenure than those selected previously, Plaintiff Phipps was not given an opportunity to attend the SMIP.

33. On or about August 21, 2012, Chief Miller announced that the promotional process for Deputy Chief would be held the week of August 27, 2012, the same week that Plaintiff Phipps was scheduled to be out-of-town aiding the Assessment Center Process.

34. On or about August 22, 2012, Plaintiff Phipps sent an e-mail to those that had previously been included on communications regarding the Assessment Center Process to inform them that he would no longer be able to attend due to the scheduling of the Deputy Chief promotional process the same week. Chief Miller and Deputy City Manager Michael Speedling were copied on this e-mail.

35. On or about August 24, 2012, Plaintiff Phipps was required to participate in an "Employee Conference" with Deputy Chief Scott regarding his e-mail sent on August 22, 2012. The conference was allegedly held to address the tone of the e-mail and the fact that it was sent to subordinates and individuals outside of the Department.

36. Deputy Chief Scott prepared a memorandum addressed to Plaintiff Phipps summarizing the conference. Included in the memorandum was a statement by Deputy Chief Scott that "I consider this matter closed."

37. On or about August 27, 2012, Plaintiff Phipps filed a formal complaint with City Manager Denise Roth alleging Chief Miller's upholding of Phipps' Level IV annual performance rating was retaliatory for Phipps' filing of an EEOC charge and other formal complaints.

38. On or about August 31, 2012, Plaintiff Phipps filed a formal complaint with the City of Greensboro alleging Chief Miller's decision not to invite him to attend the SMIP was

6

retaliation for Phipps filing an EEOC complaint and a previous formal retaliation claim against Chief Miller with the City of Greensboro.

39. Also, on or about August 31, 2012, Plaintiff Phipps filed a formal complaint with the City of Greensboro alleging Chief Miller's decision to uphold Deputy Chief Scott's annual performance evaluation rating Phipps' at a Level IV was retaliatory for Phipps' filing of EEOC charges.

40. Further, on or about September 4, 2012, Plaintiff Phipps filed an EEOC charge alleging that the requirement to submit a letter of interest and the failure to invite Phipps to attend the SMIP was retaliation for Phipps' previous filing of multiple EEOC charges.

41. On or about September 5, 2012, Plaintiff Phipps filed an EEOC charge alleging that his annual performance evaluation by Deputy Chief Scott and Chief Miller's response to Phipps' appeal of that evaluation were retaliatory for Phipps' previous filing of multiple EEOC charges.

42. On or about September 25, 2012, Chief Miller announced his selection for the individual being promoted to Deputy Chief. The individual selected was Captain Joe Smith.

43. Upon information and belief, Captain Smith did not participate in the 2011 Assistant Chief Promotional Process and was thus ineligible for promotional consideration pursuant to that process. Further, upon information and belief, Captain Smith did not intend to participate in the 2012 Deputy Chief Promotional Process but was encouraged to do so by Chief Miller and Deputy Chief Crotts.

44. On or about September 28, 2012, Plaintiff Phipps submitted a Review and Appeal of All Elements of the 2012 Promotion Process for Deputy Chief to Chief Miller detailing numerous contentions with the promotional process.

7

45. On or about October 5, 2012, Chief Miller filed a formal complaint against Plaintiff Phipps to the Department's Professional Standards Division. Upon information and belief, the Professional Standards Division reports directly to Chief Miller.

46. On or about October 9, 2012, Deputy Chief Scott informed Plaintiff Phipps that his job duties would be changing. The new duties included additional responsibility without a corresponding promotion or increase in pay.

47. On or about October 11, 2012, Deputy Chief Scott informed Plaintiff Phipps of Chief Miller's complaint against him with the Department's Professional Standards Division.

48. On or about October 12, 2012, Plaintiff Phipps was provided a copy of the complaint filed by Chief Miller and then interviewed by Sergeant W.E. White and Sergeant J.W. Moore from the Professional Standards Division. Both Sergeants are white.

49. On or about October 14, 2012, Chief Miller responded to Plaintiff Phipps' Review and Appeal of All Elements of the 2012 Promotion Process for Deputy Chief. In Chief Miller's response, he referred to the Deputy Chief position as an "appointed" position for the first time instead of a "promotion" position.

50. Upon information and belief, City of Greensboro policy states that a "promotion" position requires a competitive selection process.

51. On or about October 17, 2012, Sergeant White submitted a memorandum to Captain Cheek providing a summary of the allegations and underlying incident giving rise to the complaint against Plaintiff Phipps to the Department's Professional Standards Division as well as findings of fact from the investigation.

52. On or about November 1, 2012, Plaintiff Phipps met with Lieutenant G.A. Hunt and was presented with a Notification of Hearing memorandum regarding alleged violations of the

8

Department's policies. During this meeting, Phipps was also informed that the presiding Assistant City Manager and the available deputy chief representatives and peer representatives were all white.

53. Also, on or about November 1, 2012, Plaintiff Phipps filed an EEOC charge of retaliation alleging that Chief Miller had retaliated against him for filing his previous EEOC charge by filing a complaint with the Department's Professional Standards Division.

54. Plaintiff Phipps questioned the available peer representatives and was presented with two additional choices, both of whom were white as well. Phipps was then informed that if he did not choose one of the representatives presented, one would be selected for him.

55. Upon information and belief, the peer representative was intended to provide protection of Plaintiff Phipps' rights by having a similarly situated "peer" view the proceedings.

56. Further, on or about November 1, 2012, Plaintiff Phipps filed a formal complaint of retaliation with the City of Greensboro alleging that Chief Miller retaliated against him by filing a claim with the Department's Professional Standards Division and for failing to promote him to Deputy Chief.

57. On or about November 6, 2012, Plaintiff Phipps had his hearing on the alleged violations of the Department's policies. With the exception of Plaintiff Phipps, all individuals in attendance were white, including the peer representative.

58. At the conclusion of the hearing, Plaintiff Phipps was presented with a memorandum from the presiding Assistant City Manager, Sandy Neerman. The memorandum sustained the claims that Plaintiff Phipps violated the Department's policies and ordered a three day suspension without pay.

9

59. On or about November 13, 2012, after returning from his ordered three-day suspension, Plaintiff Phipps filed an appeal of Assistant City Manager Neerman's findings and ordered disciplinary action to Deputy City Manager Jim Westmoreland.

60. On or about December 6, 2012, the EEOC issued Plaintiff Phipps four (4) Notices of Right to Sue for his EEOC charges filed on or about May 3 (attached as Exhibit A), June 12 (attached as Exhibit B), September 4 (attached as Exhibit C), and September 5, 2012 (attached as Exhibit D). Plaintiff Phipps received these notices on or about December 10, 2012.

61. On or about December 12, 2012, Plaintiff Phipps filed a formal grievance with City Manager Denise T. Roth alleging discrimination, retaliation, and hostile work environment with respect to the actions taken by Chief Miller in filing a complaint against Phipps with the Professional Standards Division of the Department.

62. On or about December 19, 2012, the EEOC issued Plaintiff Phipps a Notice of Right to Sue for his EEOC charged filed on or about November 1, 2012 (attached as Exhibit E). Plaintiff Phipps received this notice on or about December 22, 2012.

63. On or about December 20, 2012, Deputy City Manager Westmoreland responded to Plaintiff Phipps' appeal of Assistant City Manager Neerman's findings and disciplinary action by re-affirming the findings and upholding the resulting disciplinary action.

## CLAIMS FOR RELIEF

### COUNT I
### (Violation of Title VII of the Civil Rights Act of 1964)

64. The allegations of Paragraphs 1 through 63 of this Complaint are re-alleged and incorporated by reference.

65. By engaging in the discriminatory and retaliatory acts, practices and conduct described

10

above, the Defendants have discriminated against Plaintiff Phipps in the terms and/or conditions of his employment on the basis of his race, and retaliated against Plaintiff for complaining about the discrimination practiced by the agency, all in violation of Title VII of the Civil Rights Act of 1964, as amended.

66. By engaging in such discriminatory conduct, the Defendants either knew or should have known that its conduct would cause Plaintiff Phipps, or any other person of ordinary sensibilities, damage, injury and suffering.

67. Indeed, as regards any person, whether a person of ordinary sensibilities or a hard-working African-American male, severe emotional distress is a natural and foreseeable consequence of the type of discriminatory and retaliatory conduct practiced by the Defendants.

68. In the instant case, Plaintiff has been categorically denied promotion opportunities, has been subjected to unprecedented disciplinary action, and has otherwise been the victim of constant harassment, discrimination and retaliation on a continuing basis in his current employment all on account of his race and participation in protected activity.

69. As a direct, proximate and foreseeable result of having been the victim of and having attempted unsuccessfully to prevent and/or correct the discriminatory and retaliatory conduct which the Defendants have directed towards Plaintiff Phipps, Plaintiff has been damaged. He has lost, and may continue to lose, substantial wages, with a resulting loss of future earnings and enjoyment of life due to his failure to receive deserved promotions. He has also suffered, and is continuing to suffer, severe emotional distress and mental anguish.

70. As compensation for the above-noted injuries and losses, Plaintiff is entitled to recover compensatory damages from Defendants in an amount greater than Ten Thousand Dollars ($10,000.00).

11

## COUNT II
### (Negligent Infliction of Emotional Distress)

71. The allegations of Paragraph 1 through 70 of this Complaint are re-alleged and incorporated by reference.

72. By engaging in the discriminatory and retaliatory acts, practices and conduct described above, the Defendants have negligently inflicted severe emotional distress upon Plaintiff Phipps.

73. By engaging in such discriminatory and retaliatory conduct. the Defendants either knew or should have known that their conduct would cause Plaintiff, or any other person of ordinary sensibilities, extreme emotional distress, damage, injury and suffering.

74. Indeed, as regards any person, whether a person of ordinary sensibilities or a hard-working African-American male, severe emotional distress is a natural and foreseeable consequence of the type of discriminatory and retaliatory conduct practiced by the Defendants.

75. In the instant case, Plaintiff objected to the Defendants' practice of discrimination towards him, but was ignored and retaliated against for attempting to prevent and/or correct such discriminatory practices.

76. As a direct, proximate and foreseeable result of having witnessed, having been the victim of, and having attempted unsuccessfully to prevent and/or correct the discriminatory conduct which Defendants have directed towards Plaintiff, Plaintiff has been damaged. As a direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiff has been damaged. He has suffered, and is continuing to suffer, severe emotional injuries, including humiliation and emotional distress.

77. As compensation for the above-noted injuries and losses, Plaintiff is entitled to recover damages from Defendants in an amount greater than Ten Thousand Dollars ($10,000.00).

12

## COUNT III
### (Retaliation and Discrimination)

78. The allegations of Paragraphs 1 through 77 of this Complaint are re-alleged and incorporated by reference.

79. The Defendants' pattern of race-based harassment, discrimination and retaliation against Plaintiff Phipps is a violation of the stated public policy of the State of North Carolina as declared in N.C.G.S §143-422.2, which prohibits discrimination and retaliation in the workplace based upon race. Further, Defendants' retaliation against Plaintiff for his participation in protected activity, namely the filing of charges of discrimination and retaliation with the EEOC and internal agencies, is a violation of the public policy encouraging the reporting of discrimination and retaliation in the workplace.

80. The Defendants categorically denying promotion opportunities to the Plaintiff, taking unprecedented disciplinary action against Plaintiff, and otherwise subjecting the Plaintiff to constant harassment, discrimination and retaliation on a continuing basis in his current employment all on account of his race was wrongful and in degradation of the Constitution of the State of North Carolina, which prohibits discrimination of any nature, including discrimination on the basis of race.

81. By engaging in the discriminatory and retaliatory acts, practices and conduct described above, the Defendants have condoned and/or failed to prevent the discrimination and retaliation against the Plaintiff in the terms and/or conditions of his employment on the basis of race and participation in protected activity in violation of the Constitution and stated public policy of the State of North Carolina.

82. As a direct, proximate and foreseeable result of having been the victim of and having attempted unsuccessfully to prevent and/or correct the discriminatory and retaliatory conduct

13

which the Defendants have directed towards Plaintiff Phipps, Plaintiff has been damaged. He has lost, and may continue to lose, substantial wages, with a resulting loss of future earnings and enjoyment of life due to his failure to receive deserved promotions. He has also suffered, and is continuing to suffer, severe emotional distress and mental anguish.

83. As compensation for the above-noted injuries and losses, Plaintiff is entitled to recover compensatory damages from the Defendants in an amount greater than Ten Thousand Dollars ($10,000.00).

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs respectfully pray that:

1. As to Count I of this Complaint, Plaintiff Phipps have and recover of the Defendants compensatory damages in an amount in excess of $10,000.00.

2. As to Count II of this Complaint, Plaintiff Phipps have and recover of the Defendants compensatory damages in an amount in excess of $10,000.

3. As to Count III of this Complaint, Plaintiff Phipps have and recover of the Defendants compensatory damages in an amount in excess of $10,000.

4. As to all appropriate Counts of this Complaint, Plaintiffs have and recover reasonable attorneys' fees from the Defendants.

5. That the costs of this action be taxed against the Defendants.

6. That this case have a **Trial By Jury** on all issues so triable.

7. For such other and further relief as to the Court may seem just and proper.

14

This the 11th day of March, 2013.

HAIRSTON LANE BRANNON, PA

James E. Hairston, Jr.
M. Brad Hill
Attorneys for Plaintiffs
230 Fayetteville Street, 3rd Floor
Raleigh, North Carolina 27601
(919) 838-5295 Telephone
(919) 838-5299 Facsimile

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Therron J. Phipps
201 N. Elm St
Apt 309
Greensboro, NC 27401

From: Charlotte District Office
129 W. Trade Street
Suite 400
Charlotte, NC 28202

Nancy L. Chapman,
Investigator

435-2012-00525     (704) 954-6541

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Reuben Daniels, Jr.,
District Director

DEC 0 6 2012

(Date Mailed)

Enclosures(s)

cc    Jamiah Waterman
Associate General Counsel
CITY OF GREENSBORO
300 W. Washington St
Greensboro, NC 27401

**EXHIBIT**

A

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To | Therron J. Phipps<br>201 N. Elm St<br>Unit 309<br>Greensboro, NC 27401 | From | Charlotte District Office<br>129 W. Trade Street<br>Suite 400<br>Charlotte, NC 28202 |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | |

| | Nancy I Chapman,<br>Investigator | |
|---|---|---|
| 435-2012-00635 | | (704) 954-6541 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination. Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form )

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court  Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment  This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Reuben Daniels, Jr.,
District Director

DEC 0 6 2012

(Date Mailed)

Enclosures(s)

cc      Jamiah K. Waterman, PHR
        Human Resources Attorney
        CITY OF GREENSBORO
        P.O. Box 3136
        Greensboro, NC 27402

EXHIBIT

B

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Therron J. Phipps
201 N. Elm St
Unit 309
Greensboro, NC 27405

From: Charlotte District Office
129 W. Trade Street
Suite 400
Charlotte, NC 28202

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 435-2012-00844 | Nancy L. Chapman, Investigator | (704) 954-6541 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

|  |  |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge |
| [ ] | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Reuben Daniels, Jr.,
District Director

DEC 0 6 2012
(Date Mailed)

Enclosures(s)

cc:    Jamiah Waterman
       Human Resources Attorney
       CITY OF GREENSBORO
       P.O. Box 3136
       Greensboro, NC 27402



EXHIBIT
C

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

---

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Therron J. Phipps<br>201 N. Elm St<br>Unit 309<br>Charlotte, NC 28203 | From: **Charlotte District Office**<br>129 W. Trade Street<br>Suite 400<br>Charlotte, NC 28202 |

| | Nancy L. Chapman | |
|---|---|---|
| 435-2012-00859 | Investigator | (704) 954-6541 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination. Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice, or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

DEC 0 6 2012

Enclosures(s)

Reuben Daniels, Jr.
District Director

(Date Mailed)

cc.
**Jamiah K. Waterman**
**Human Resources Attorney**
**CITY OF GREENSBORO**
**P.O. Box 3136**
**Greensboro, NC 27402**

**EXHIBIT**

D

## DISMISSAL AND NOTICE OF RIGHTS

| To: Therron J. Phipps<br>201 N. Elm St<br>Unit 305 | From: Charlotte District Office<br>129 W. Trade Street<br>Suite 400 |
|---|---|

| | Nancy L. Chapman<br>Investigator | |
|---|---|---|
| 435-2013-00056 | | (704) 954-6541 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

- [ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.
- [ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.
- [ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.
- [ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.
- [X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.
- [ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.
- [ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Reuben Daniels, Jr.,
District Director

DEC 1 9 2012

(Date Mailed)

Enclosures(s)

cc: Jamiah Waterman
Human Resources Attorney
**CITY OF GREENSBORO**
P.O. BOX 3136
Greensboro, NC 27402

**EXHIBIT**
F